# Complaint
(pursuant to §1983)

# United States District Court
# Eastern District of Wisconsin



(Full name of plaintiff)

**Benjamin R. Stibbe**

v.

(Full name of Defendant)

**Tony Evers** (governor of Wisconsin)

**Kevin Carr** (Department of Corrections)

Case number

**20-C-1075**

## A. Parties

1. Plaintiff is a citizen of Wisconsin (United States of America) and resides at

Kettle Moraine Correctional Institute P.O. Box 282 Plymouth, Wi. 53073

## B. Statement of Claim

On the space provided on the following pages tell
 1. Who violated your rights
 2. What each defendant did
 3. When they did it
 4. Where it happened, and
 5. Why they did it.

In the year 2005 the State of WISCONSIN did violate my constitutional right to due process and did violence to the basic understanding of fairness doctrine in misclassifying me as a violent offender. After being convicted of Reckless Homicide as a party to a crime by delivery of a controlled substance (940.02) the state did classify me as a violent offender through a vague and spurious standard which is in this case offensive to the very term "violent offender". The Department of Corrections did then carry this classification and use it to further violate my constitutional rights and did use this classification to do harm through disregard to the basic idea of fairness in treatment of an individual under their care. After addressing the issue through official complaint (in materials provided), the state did refuse to redress abuse sitting

1

"lack of authority to do so". The harm and suffering created by this classification during this incarceration is evident and redress is asked for here in provided materials, however future harm must also be addressed and prevented. Formal argument is made in provided materials, however rational thought alone is enough to evaluate the unreasonable nature of classifying a consensual drug transaction as a violent crime. I therefor request the court to make a judgment pursuant to § (1983) not only for compensation for harm done, but also as to a declaration of law on an (as-applied) basis as to the constitutionality of this classification, and order the state of Wisconsin to address such.

## C. Jurisdiction

**X** I am suing for violation of federal law 28 U.C.S. § 1331

## D. Relief wanted

Describe what you want the court to do if you win your law suit.

As stated above I ask the court for a declaration of law that the state of Wisconsin has violated due process and the fairness doctrine in classifying me as a violent offender and must then remove this classification. Additionally I seek $117,200 in compensation and as a preventative to further violations of those similarly situated.

## E. Jury demand

**X** I do not want a jury trial

I declare under perjury that the foregoing is true and correct

complaint signed this   July    day of  03  day of 2020

Respectfully submitted

X _____

Benjamin R. Stible

X _____

_____

Monday, July 06, 2020

3

# A Memorandum in support of as applied challenge to violent crime classification

A fundamental tenant of the Wisconsin and Unites States judicial system is the idea of fairness in laws and how they are applied. Due process and the fairness doctrine protect those of us who have broken the law from miscarriages of justice even after the fact. However in the course of events, in the case of my current standing, such a miscarriage has occurred.

I intend to make the case that by being labeled a violent offender the state has breached these rights. For reasons I will expound, to designate an offender convicted of [(Party to a Crime), Reckless Homicide] specifically by [**Delivery of a Controlled Substance**], a violent offender, is fundamentally unfair, creates a segregated class, and violates due process.

The crime itself is not in question here, only **as it is applied** to being a violent offense. This designation is not only unfair but also harmful in its affect and stands contrary to the supreme court of Wisconsin, the United States of America, and guarantees of the constitution, and should therefore be removed.

Under {Blake v. Jossart 310 Wis. 2d1} ¶32 the Wisconsin Supreme Court ruled; "under the rational basis analysis a statute is unconstitutional if the legislature applied an arbitrary classification when enacting the provision", which is in line with the federal standard. The error I seek remedy for is on an as applied basis. Reckless Homicide by Delivery of a Controlled substance (Party to a Crime) as in my case cannot rationally be viewed as a violent crime.

There are two elements of a violent crime 1) INTENT to commit harm, and 2) use of PHYSICAL FORCE. Reckless Homicide by the Delivery of a Controlled Substance has neither of these elements and is in fact defined as a General Intent crime, Blacks [7th] edition: "State of mind required for commission of certain common law crimes not requiring a specific intent or strict liability". In other words, as the court knows, these charges are an unintentional and unforeseen result stemming from a separate intended crime. In this case a consensual narcotics

1

U.S. District Court
Wisconsin Eastern

JUL 15 2020

FILED
Clerk of Court

transaction. And as the 7th district ruled in U.S. v. Diaz, 778, F.2d in relation to the violent offender clause: "Did not apply to narcotics cases as narcotics cases are typically consensual" Justices Coffey, Flaum, and Kanne ruled in (U.S. v. Davis, 778 F.3d 86) that the violent offender clause did not apply where Davis had previously been convicted of a reckless homicide case in Wisconsin. While a federal ruling on a federal matter regarding a state conviction the argument and its relation to this instance is clear.

This crime although resulting in a tragedy is neither in its very nature, nor definition violent, rather consensual. If in fact in my case there had been either intent or the use of force of any kind I would not have been charged with Reckless Homicide by the Delivery of a Controlled Substance, especially so (party to a crime), I would have in fact been charged with First Degree Intentional Homicide.

I have been classified a violent offender essentially by default due to an incomplete and vague standard. Wisconsin legislature has not, in words defined what constitutes a violent crime. They have rather designated what is a violent crime by use of a numerical category under §301.048.

By not using a succinct standard, certain crimes and circumstances which are not qualified, are lumped in with other crimes which are qualified to be violent in nature.

The statutes which then fall into this numerical range are set aside for "heavier punishment" by the legislature in §939.5. No succinct definition as to what is or is not violent is offered by the legislature, rather the Department of Corrections has done so; [D.O.C. 326.03] "violent offense means a conviction for any offense in which there is actual or threatened bodily harm." A rather vague and broad description especially when considering weather an unelected body such as the D.O.C. has the jurisdictional authority to define state statutes. Still through the approved complaint process I addressed this with the D.O.C. as provided in this motion.

The issue of how violence is applied in Wisconsin leads to a situation where the level of vagueness allows individuals who have not committed violence to wrongly be labeled violent offenders.

2

The Wisconsin Supreme Court has addressed this sort of vagueness in {State v, Grandberry

SCW 380 Wis.2d 541} ¶62; "void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definitiveness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." While again it is not the statute itself on the face of it but, rather as it is applied to the violent Offender clause I take issue with.

The phrasing used here encompasses the issue of; "what conduct", and "in a manner that does not encourage arbitrary and discriminatory enforcement". What could be more arbitrary then having no definition at all? How could any reasonable person involved in a consensual narcotic transaction have "rational understanding" that later events which he or she may be accountable for without actual involvement lead to such a discriminatory label as a "violent offender"?

The United States Supreme Court has addressed such occurrences in the U.S. v. Johnson case. "Vagueness doctrine applies not only to statutes defining elements of crime but also to statutes fixing sentences". Being labeled a violent offender not only leads to alienation of a number of civil rights and liberties but also affects, in a direct manner sentencing.

Ultimately application of a violent offender label is an issue of fundamental fairness, "Due process law prohibition of vagueness in criminal statute is a well-recognized requirement, consonant alike with ordinary notice of fair play and the settled rules of law and a statute which flaunts it violates the first essential principle of due process." *Johnson v. U.S. 135, S.Ct. 2551*

As applied to this case I believe that the blanket use of an undefined standard is fundamentally unfair, violates constitutional right to due process, fails the vagueness standard, and is severely harmful not only to an individual's liberty but to life as well.

Wisconsin, and federal, law often align in standards and practice. My case is a good example of this. Since the {Begay v. U.S. 553} ruling and {Woods, 576 F.3d} @ (412-413) "an offense in

3

which the mental state is recklessness does not meet the standard for a crime of violence established by the Supreme Court". The standard referred to here being (18 U.S.C.S. 16); "a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or b) any offense that is a felony and that by its nature involves a substantial risk that physical force against the person or property of another may be in the course of committing the offense."

Justice Breyer addressed not only the elements of what is violent, but also addressed vagueness doctrine in the Begay ruling. Also {Tran v. Gonzalez, F.3d 464);" use of force requires specific intent to use force" And also as ruled in {U.S.v.Smith}: Judge Ripple in the 7th district; "only crimes committed purposefully or intentionally", referring to being or not being a violent offense. The federal standard is clear as it relates to my situation and position.

Due to greater civil restrictions placed, and imposed, on a violent offender, a segregated class for which restricted civil liberties is applied, in my case falsely. Even though felons are not considered to be a "suspect class" for fourteenth amendment purposes the fact remains that as an individual labeled a violent offender I am designated to be in a segregated group on the fringes of society.

As the court is aware there are a number of entire fields of employment an individual who has been labeled a violent offender can be banned from, and others where opportunities for advancement are restricted. There are educational opportunities which are restricted or completely taken away. There is a number of Federal and state programs which will not be available to me upon release. Not to mention the additional social stigma of being a violent offender. I am not able to obtain compensation as a crime victim, obtain certain legal aid, litigate a civil case, obtain compensation for wrongful convictions, or possibly be able to have my record expunged.

In addition to these release concerns there are also additional burdens placed on me within the penal system. Higher restrictions for classification purposes, entire groups of programs I am made

4

ineligible for, less access to custody reduction, being barred from the "earned release program". All of these restrictions coupled with loss of civil liberties wrongly designated me to have membership in

a segregated class which I do not belong to. The court touched on this in the Burgess case of 2003 [In re Commitment of Burgess Supreme Court of Wisconsin 262, Wis.2d 354 ¶10], and many other cases where the Wisconsin Supreme Court stated; "...where a statutory classification does not violate a suspect class or fundamental interest the classification will be upheld if there is any rational basis to support it." and; "Equal protection does not require that all persons be dealt with identically, but does require that a distinction made have some relevance to the purpose for which the classification is made." I believe I have made the case that there is not a rational basis and my case should be dealt with on the basis of the facts, as unique as they are.

Ultimately I must take responsibility for my behavior and the consequences of it. I have tried to do so since the day of my arrest. It is not however fair, nor rational to label me a violent offender for my involvement in a consensual narcotics transaction.

I therefore request the court to order the state of Wisconsin to remove and address this classification as applied to me of being labeled a violent offender and ask the court to reinstate the rights and opportunities taken from me by this unfair and baseless application of what is a harmful oversight.

**Ben Stibbe**

X _____

Friday, July 03, 2020

5
Case 2:20-cv-01075-JPS   Filed 07/15/20   Page 8 of 9   Document 1

**Memorandum in support of compensation request**

1) Reckless homicide is defined as a "general intent" crime which does not qualify as carrying strict liability; however due to Wisconsin's faulty classification of this being a violent crime, which I believe to have shown it is not, I was charged restitution to the sum of over $28,000. I believe I have shown that this is an unconstitutional application and therefore request compensation in this matter.

2) Chatman v. Slagle discusses; "award for mental suffering", even where such suffering is not "sever". As laid out in provided material, due to the state falsely classifying me as a violent offender I not only received a "harsher sentence", but also harsher treatment by the Wisconsin D.O.C.. Have faced restricted opportunity in comparison to other inmates similarly situated, and have been placed under greater security restriction, unnecessarily. By having four "violent offenses" my security rating has always placed me in the most dangerous and restricted institutions. After nearly a decade of placement at Green Bay Maximum Security Correctional Institution it was deemed necessary to spend nearly a year in the Wisconsin Resource Center, a mental health facility designed for inmates in order to receive treatment for mental health issues related to confinement. For this reason I am asking for compensation for injuries related to these legitimate constitutional violations. I request $75,000 for this violation unnecessarily endangering my safety, mental anguish and suffering, and as a deterrent to the future unnecessary treatment of others similarly situated. $5,000 a year for 15 years is I believe a reasonable sum.

3) In the past two years I have spent a minimum of (10) hours a week, every week not only working this issue but also having to learn how do address such a case. I was forced not only to begin the process of working this case after finally recovering from years of mental health issues due to this unnecessary violation but also to learn the law and the legal system in the most distressing of environments. Due to this I request compensation for the hours spent. A total of 1,120 hours at the average hourly income here in Wisconsin for this time period of $12.50 per hour, a total of $14,200.

1) $28,000
2) $75,000
3) $14,200
$117,200

Benjamin R. Stibbe

20-C-1075

X _____

Friday, July 03, 2020