# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BENJAMIN STIBBE,

                      Plaintiff,

v.

TONY EVERS and KEVIN CARR,

                      Defendants.

Case No. 20-CV-1075-JPS

**ORDER**

      Plaintiff Benjamin Stibbe, an inmate confined at a Wisconsin Resource Center in Winnebago, Wisconsin, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On July 31, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $53.17. (Docket #6). Plaintiff paid that fee on August 14, 2020. The Court will grant Plaintiff's motion for leave to proceed without

prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.  **SCREENING THE COMPLAINT**

    2.1  **Federal Screening Standard**

    Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

    To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

In 2005, Plaintiff was adjudicated guilty under Wis. Stat. § 940.02 of first-degree reckless homicide in the course of delivering drugs, a class C felony in Wisconsin. *State of Wisconsin v. Benjamin R. Stibbe*, Ozaukee County Case Number 2005CF000295, *available at*: https://wcca.wicourts.gov/. The Ozaukee County Court sentenced Plaintiff to a term of eighteen years in state prison, to be followed by a fifteen-year term of extended supervision. *Id.*

Plaintiff alleges that this conviction resulted in the state classifying him as a violent offender. (Docket #1 at 1). His status as a violent offender prevents Plaintiff from being eligible for the state's "earned release program." (*Id.* at 7–8). Plaintiff also states that the violent-offender designation might also prevent him from entering "entire fields of employment" and unspecified "educational opportunities." (*Id.* at 7). Plaintiff brings his present suit to argue that his classification as a violent offender was made pursuant to an unconstitutionally vague law and Department of Corrections ("D.O.C.") regulation. (*Id.* at 4–8). Plaintiff asks that the Court void the law and regulation, remove his violent-offender classification, and award him $117,200 in damages. (*Id.* at 2).

### 2.3 Analysis

Wisconsin law provides a list "violent offenses," which includes Plaintiff's crime, first-degree reckless homicide. Wis. Stat. § 301.048 (listing

first-degree reckless homicide, Wis. Stat. § 940.02, as a "violent offense"). The D.O.C.'s regulations further define "violent offenses" as those "conviction[s] for any offense in which there is actual or threatened bodily harm or any sexual offense." Wis. Admin. Code § DOC 326.03(11). Plaintiff first argues that drug dealing—which he was engaged in at the time he recklessly killed someone—is a "consensual crime," and, therefore, he did not have the requisite *mens rea* for a conviction of homicide, reckless or otherwise. (*Id.*) Plaintiff also argues that the law and the regulation that categorized him as a violent offender are unconstitutionally vague, "especially when considering weather [sic] an unelected body such as the D.O.C. has the jurisdictional authority to define state statutes." (Docket #1 at 5).

To begin, the Court will quickly dispense of Plaintiff's argument that his crime of conviction, first-degree reckless homicide, was improper because he was engaged in a "consensual crime" (i.e., drug dealing) at the time of the victim's death. Plaintiff's conviction was not for drug dealing itself, but rather for killing someone, albeit unintentionally, in the course of drug dealing. The statute under which he was convicted treats drug dealing as an aggravating factor when a death results during a defendant's "distribution or delivery [of a controlled substance], regardless of whether the distribution or delivery is made directly to the human being who dies." Wis. Stat. § 940.02(2)(a). Thus, while the act of purchasing drugs may be a consensual one—a crime without a victim[1]—a death resulting during such

---

[1]This description of drug-trafficking crimes as being "consensual" is Plaintiff's. Plaintiff cites a case from the Second Circuit to support his view. (Docket #1 at 5) (*citing United States v. Diaz*, 778 F.2d 86, 88 (2d Cir. 1985)). The Court takes no position on whether Plaintiff is correct. The answer does not bear

a transaction, under Wisconsin law, is not consensual. Plaintiff's victim would likely agree. Further, to the extent that Plaintiff wishes to challenge his conviction because it was made under an unconstitutionally vague law, the Court is barred from deciding such a question based on the teachings of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *See, e.g.*, *Nail v. Cater*, No. 1:07-CV-267JVB, 2008 WL 4858391, at *2 (N.D. Ind. Nov. 6, 2008) ("To conclude that the Indiana stalking statute under which the petitioner has been convicted is void for vagueness would require a finding or judgment that undermines his criminal conviction. Accordingly, the court must dismiss this claim pursuant to *Heck v. Humphrey*.").

Plaintiff also argues that he was classified as a violent offender according to an unconstitutionally vague law and D.O.C. regulation. Specifically, Plaintiff writes, "[w]hat could be more arbitrary then [sic] having no definition at all? How could any reasonable person involved in a consensual narcotic transaction have 'rational understanding' that he or she may be . . . label[ed] as a 'violent offender'?" (Docket #1 at 6). The Court begins by noting that this argument differs from Plaintiff's earlier argument that the first-degree reckless homicide statute is unconstitutionally vague. Here, Plaintiff is not challenging his conviction but rather his classification because of his conviction. Still though, Plaintiff's claim fails.

The Seventh Circuit has held that, in the prison context, regulations must be sufficiently definite as to give prisoners of ordinary intelligence reasonable notice of what conduct is prohibited. *Toston v. Thurmer*, 689 F.3d 828, 832 (7th Cir. 2012) ("A deprivation of liberty without fair notice of the

---

on the analysis of whether first-degree reckless homicide is a consensual crime—it clearly is not.

acts that would give rise to such a deprivation violates the due process clause."); *Rios v. Lane*, 812 F.2d 1032, 1038 (7th Cir. 1987) ("It is a fundamental precept of constitutional law . . . that a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process law.") (internal citation omitted). The statute that classifies Plaintiff as a violent offender expressly lists his underlying crime, first-degree reckless homicide, as a violent offense, Wis. Stat. § 301.048; the D.O.C. regulation that that classifies Plaintiff as a violent offender states that "violent offenses" are those "conviction[s] for any offense in which there is actual . . . bodily harm," Wis. Admin. Code § DOC 326.03(11). The statutes could not be clearer: if you are convicted of first-degree reckless homicide or of a crime that results in bodily harm, you will be classified as a violent offender. Plaintiff may disagree with the policy or reasoning behind this law and regulation, but that is a discontentment better raised with the state legislature than the federal courts.

### 3. CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted. The Court will dismiss his case without leave to amend, as Plaintiff cannot correct the defects of his claims. The Court will deny Plaintiff's motion to appoint counsel, (Docket #9), as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #9) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $296.83 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.